UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| APRIL LAX, et al., | |
|---|---|
| Plaintiffs, | Case No. 14-cv-01490-WHO |
| v. | **ORDER DENYING MOTION TO TRANSFER** |
| TOYOTA MOTOR CORPORATION, et al., | Re: Dkt. No. 35 |
| Defendants. | |

## BACKGROUND

Plaintiffs April Lax et al. filed a class action on March 31, 2014, asserting claims against defendants Toyota Motor Corporation (TMC) and Toyota Motor Sales, U.S.A. (TMS). The allegations in the Complaint center on defendants' alleged failure to disclose to consumers that specified Toyota vehicles have an oil consumption design defect, meaning that they are predisposed to an excessively high rate of engine oil consumption; a defect which typically manifests itself during and shortly after the limited warranty period has expired and which is alleged to cause the vehicles to prematurely burn off and consume excessive amounts of engine oil. Complaint ¶2. Based on these allegations, the Complaint asserts six causes of action against Toyota: (1) Violation of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750, et seq.); (2) Violation of California Unfair Competition Laws (Cal. Bus. & Porf. Code § 17200); And Unfair Business Practices Statutes of Florida, Washington, New York, and New Jersey; (3) Breach of Express Warranty; (4) Common Law Fraud; (5) Breach of the Covenant of Good Faith and Fair Dealing; and (6) Breach of California Implied Warranty Violations.

On June 18, 2014, the Court consolidated the *Lax* case with *Taherian v. Toyota Motor Sales U.S.A., Inc. et al.* (Case No. 14-cv-01884). On July 21, 2014, plaintiffs Lalin Sancho et al. filed a class action against the same defendants asserting the same general causes of action. *Lalin*

*Sancho et al v. Toyota Motor Sales, U.S.A,, Inc. et al*., Case No. 14-cv-03283).[1] The *Sancho* case has been related to but not consolidated with the *Lax/Taherian* case.

Defendants now move to transfer the consolidated cases (*Lax/Taherian*) to the Central District of California. While the Central District would be more convenient to defendants, plaintiff Lax's choice of forum is entitled to substantial weight, particularly since many of the underlying facts in her case occurred here. After consideration of the relevant factors, the parties' briefs and oral argument, the motion to transfer is DENIED.

## LEGAL STANDARD

A court may transfer an action to another district: (1) for the convenience of the parties; (2) for the convenience of the witnesses; and (3) in the interest of justice. 28 U.S.C. § 1404(a). An action may not be transferred to a district where venue would have been improper if it originally had been filed there. *Id*.; *Van Dusen v. Barrack*, 376 U.S. 612, 613 (1964). The Ninth Circuit requires that courts consider a variety of factors in determining whether to transfer an action. *See Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498 (9th Cir. 2000); *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986). The relevant factors are: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Barnes & Noble v. LSI Corp*., 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011) (Chen, J.). District courts have broad discretion to consider convenience and justice factors on a case-by-case basis. *Jones*, 211 F.3d at 498 (citation and internal quotation marks omitted).

The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). It is not enough for the defendant to merely show that it

---

[1] The *Sancho* Complaint also alleges violation of California's Secret Warranty Law (Cal. Civ. Code § 1795.90 et seq.) and of Hawaii's Uniform Deceptive Practices Act (Haw. Rev. Stat. § 480-1 et seq.). The *Sancho* Complaint names an additional defendant, Servco Pacific, Inc., as Toyota's authorized agent for sale, distribution and marketing of Toyota vehicles in Hawaii.

2

1  prefers another forum, and transfer will also not be allowed if the result is merely to shift the
2  inconvenience from one party to another. *Van Dusen*, 376 U.S. at 645-46.

## DISCUSSION

Defendants move to transfer this case to the Central District of California. In support, defendants argue that the Central District is more convenient because it is where: two of the seven named plaintiffs reside; defendant TMS – the entity in charge of research and development in the U.S. and Toyota's U.S. sales, marketing, customer service and warranty programs – is headquartered; most of the party witnesses and documents are located; two of the plaintiffs' counsel firm are located; defendants' outside counsel are located; and the Judicial Panel on Multidistrict Litigation has assigned two other class actions against Toyota. The only thing weighing against transfer, Toyota asserts, is that one of the named plaintiffs lives in the Northern District of California. Defendants argue that in this putative nationwide class action, that sole fact cannot outweigh all of the other factors weighing in favor of transfer to the Central District.

Plaintiffs respond that significant weight should be given to plaintiffs' choice of forum, and because at least one of the named plaintiffs is a resident in the Northern District and her injury occurred here, that factor outweighs the other convenience factors. Plaintiffs also argue that non-party witnesses are in the Northern District and the other factors at issue are neutral or weigh against transfer.

Neither side disputes that this action could have been filed in the Central District of California in the first instance. Therefore, the Court will review whether transfer would benefit the parties, non-party witnesses, and the interests of justice.

## I. PLAINTIFFS' CHOICE OF FORUM

Generally, great weight is generally accorded to a plaintiff's choice of forum, although that choice is given less weight when filed as a class action and where there are not significant contacts between the forum and the allegations of the complaint. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also Lucas v. Daiichi Sankyo Co., Inc.*, 2011 U.S. Dist. LEXIS 55169, *8, Case No. 11-0772 CW (N.D. Cal.) ("[The plaintiff]'s choice of forum in this action is entitled to reduced deference because he seeks to represent a class . . . and he has filed his complaint in a

3

district outside of the district in which he is domiciled." (citation omitted)). In determining how much weight to give the plaintiffs' choice of forum, "consideration must be given to the extent of both" the plaintiffs' and defendants' contacts with the forum relating to the cause of action. *Lou v. Belzberg*, 834 F.2d at 739.

Defendants point out that only one out of seven named plaintiffs resides in this district, while two reside in the Central District.[2] Defendants assert that filing in the Northern District on this basis, and when plaintiffs' counsel themselves are located in the Central District or out of state, amounts to forum shopping. *See, e.g.*, Reply at 1. As such, defendants argue that plaintiffs' choice of forum in the Northern District is entitled to no weight.

Unlike the cases relied on by defendants, where none of the initially named plaintiffs were located in the filing forum,[3] plaintiff Lax is a resident of San Francisco. She purchased her car from an authorized Toyota dealer and had it serviced in San Francisco. Lax Compl. ¶¶ 17, 19-22. Plaintiff has significant contacts in this forum with respect to the allegations of her complaint (the purchase, service, and knowledge of defects of her car), some of the operative facts occurred in this forum, and she was injured in this forum.

Defendants also admit that TMS has an office in the Northern District that "interfaces" with dealers on sales, service, and parts issues, although defendants contend that the office is not responsible for any research and development or quality assurance and did not issue the technical service bulletins that alerted dealers and authorized service entities to issues with oil consumption. Declaration of Pamela J. Boyd [Docket No. 35-3], ¶ 10. This evidence, however,

---

[2] In the consolidated actions, one named plaintiff (Lax) lives in the Northern District, two live in the Central District, one lives in Florida, one lives in Washington, one lives in New York, and one lives in New Jersey.

[3] In *Yung Kim v. Volkswagen Group of Am., Inc.*, 2013 U.S. Dist. LEXIS 42787, Case No. C 12-2177 CW (N.D. Cal. March 26, 2013) the court transferred the first filed case to the Central District, in large part because the named plaintiff lived in the Central District and did not identify any party or witness who would be inconvenienced by transfer. *Id.* at *6-8. The court also transferred a second, related case because at the time the complaint was filed, none of the named plaintiffs was a Northern District resident and plaintiffs in the second case had requested relation to the first now-transferred case. *Id.* at *8-12. In *Brown v. Abercrombie & Fitch Co.*, 2014 U.S. Dist. LEXIS 19414, Case No. 13-05205 YGR (N.D. Cal. Feb. 14, 2014) the court gave significantly less deference to plaintiffs' choice of forum and transferred case to Central District where plaintiffs resided in Central District and majority of incidents giving rise to the complaint occurred in Central District. *Id.* at * 9-12.

1   establishes that TMS has a connection to this forum on issues (sales, service) related to the
2   allegations of the complaint.[4] Defendants also do not dispute that there are multiple authorized
3   Toyota sales and service operations in this district.[5] Plaintiffs' and defendants' significant
4   contacts with the forum related to the claims in the Complaint give weight to plaintiff's choice of
5   forum, despite the fact that this is a class action. *See, e.g., Hendricks v. StarKist Co.*, 2014 U.S.
6   Dist. LEXIS 41718, *6-10, 13-cv-729 YGR (March 25, 2014); *Rafton v. Rydex Series Funds*,
7   2010 U.S. Dist. LEXIS 75411, *6-9 Case No. 10-1171 CRB (N.D. Cal. June 29, 2010) (affording
8   "substantial weight" to class action plaintiff's choice of forum where Northern District had
9   significant connection to the litigation as injury occurred here and defendants had significant
10  contacts here); *see also Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1186, Case No. 10-
11  0488 MHP (N.D. Cal. 2010) (where "there is no evidence that plaintiffs engaged in forum
12  shopping and both plaintiffs and defendant have significant contacts with the Northern District of
13  California, plaintiffs' choice of forum carries significant weight.").[6]
14         That only one of the seven named plaintiffs has a connection to this forum, when two
15  others have a connection to the Central District, does not undermine the weight to be given
16  plaintiffs' choice of forum. Perhaps if there were only three named plaintiffs in this case, the fact
17  that two were in the Central District might be more persuasive and weigh heavier on the other
18  factors discussed below. *Cf. Yung Kim v. Volkswagen Group of Am., Inc.*, 2013 U.S. Dist. LEXIS
19  42787, *8 (granting motion to transfer to Central District where four out of five named plaintiffs
20  resided and because case had been related to another case being transferred). Here, there are seven

---

[4] Defendants argue that because plaintiff does not allege that she contacted Toyota or any authorized dealer about her car or its oil consumption, there is no connection in this forum for one of her allegations; that defendants failed to extend "goodwill" warranty coverage to individuals who experienced oil consumption issues after their warranty expired. Motion to Transfer at 6-7 (citing Complaint ¶ 107). However, this is simply one of many claims in the *Lax* Complaint, and defendants do not argue that none of named plaintiffs have standing to raise this claim.
[5] These authorized dealerships may not be party-witnesses, but they are the entities that received the TBSs and are authorized by defendants to sell and service Toyotas.
[6] The other case relied upon by defendants, *Alec L. v. Jackson*, 2011 U.S. Dist. LEXIS 140102 No. C-11-2203 EMC (Dec. 6, 2011), is distinguishable. There, the court transferred a class action case asserting that the heads of various United States' agencies failed to carry out their affirmative duty to reduce global warming, because the operative facts occurred in the District of Columbia and all of the defendants allegedly responsible for all actions of the agencies were located in the District of Columbia.

named plaintiffs, four of whom live outside of California. The number of named plaintiffs living in the Central District is not so lop-sided to undercut the significant connection Lax has in this forum or to support an inference that forum-shopping was at play in the selection of the Northern District.

There is a legitimate and significant connection to this forum. Even though this is a class action, the plaintiffs' choice of forum weighs against transfer.

## II. CONVENIENCE OF THE PARTIES

Defendants argue TMS' location in Torrance, California in the Central District – when TMS is alleged to be the entity that oversees the customer service and warranty program and that issued the technical service bulletins covering the alleged defect – clearly weighs in favor of transfer. Toyota did not specifically identify who Toyota's key party witnesses will be or what their testimony will include in light of the claims at issue in this case (*e.g.*, knowledge of design defect, failure to disclose the design defect, failure to honor or extend warranty claims related to the defect). *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1093, Case No. 01-2226 MJJ (N.D. Cal. 2002) ("The party seeking a transfer cannot rely on vague generalizations as to the convenience factors. The moving party is obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include.").

Even if it had done so, "the convenience of a litigant's employee witnesses are entitled to little weight because litigants are able to compel their employees to testify at trial, regardless of forum." *SkyRiver Tech. Solutions, LLC v. OCLC Online Computer Library Ctr., Inc*., 2010 U.S. Dist. LEXIS 119984, *8, Case No. 10-03305 JSW (N.D. Cal. 2010). Further, plaintiffs agreed to depose corporate representatives in the Central District, lessening the burden on TMS. Motion at 9; Oppo. at 9-10. While defendants rely on that agreement as evidence of the lesser burden on the parties and their counsel to litigate in the Central District, it also creates less of a burden on defendants to litigate in the Northern District because defendants' witnesses would only have to travel for trial. *See, e.g., Rafton v. Rydex Series Funds*, 2010 U.S. Dist. LEXIS 75411 at *10-11 ("The main inconvenience to Defendants, then, is the travel time and expense Defendants would incur as a result of their employees having to travel from Maryland to San Francisco for trial.

6

1 Defendants have failed to establish that such inconvenience is particularly consequential in this
2 case.").

3 Defendants emphasize that defense counsel, TMS' in-house counsel, and at least two
4 plaintiffs' firms are located in the Central District. The location of counsel is not a significant
5 factor when deciding a motion to transfer. *See, e.g., Reflex Packaging, Inc. v. Audio Video Color*
6 *Corp*., 2013 U.S. Dist. LEXIS 146997, *10-11, Case No. 13-03307 SI (N.D. Cal. Oct. 9, 2013)
7 ("the location of plaintiff's counsel is not an appropriate factor for the Court to consider when
8 deciding a motion to transfer.")

9 The convenience of the named plaintiffs is neutral. While two of the named plaintiffs live
10 in the Central District, one lives in the Northern District, one lives in Washington State (which is
11 closer to the Northern District) and the other four live across the country.

12 Overall, the convenience of the defendants bears some, but little, weight in favor of
13 transfer.

### III. CONVENIENCE OF NON-PARTY WITNESSES

15 The convenience of non-party witnesses is the most important convenience factor; more
16 important that the convenience of party witnesses. *See, e.g., Kaur v. US Airways, Inc*., 2013 U.S.
17 Dist. LEXIS 64519, *12, Case No. 12-5963 EMC (N.D. Cal. May 6, 2013). Here, defendants
18 have not identified any third-party witnesses who are likely to testify. Plaintiffs have identified
19 the witnesses at the non-Toyota authorized service center where Lax serviced her car in this
20 District as likely non-parties witnesses. However, the same may be true for the two Central
21 District of California named plaintiffs (who apparently took their cars to an authorized Toyota
22 dealerships). This factor is neutral.

### IV. EASE OF ACCESS TO THE EVIDENCE

24 Defendants argue that much of the critical evidence in the case will be located in Torrance,
25 relying on the Boyd Declaration. That Declaration asserts: "to the extent not stored offsite,
26 documents and electronic information pertaining to TMS' customer service, warranty, technical,
27 engineering and marketing department . . . are primarily located in Torrance, California." Boyd
28 Decl. ¶ 11. The Boyd Declaration does not identify what or how many documents/electronic

information may be located offsite or where the offsite locations are. Nor does she indicate how much of the expected discovery will be in hard as opposed to electronic form.

Nevertheless, in this type of case where electronic discovery is the norm (both for electronic information and digitized paper documents), ease of access is neutral given the portability of the information. *See, e.g., Finjan, Inc. v. Sophos Inc.*, 2014 U.S. Dist. LEXIS 84578, *18 (N.D. Cal. June 20, 2014); *Fanning v. CAPCO Contrs., Inc.*, 711 F. Supp. 2d 65, 70 (D.D.C. 2010) ("the location of documents is increasingly irrelevant in the age of electronic discovery, when thousands of pages of documents can be easily digitized and transported to any appropriate forum."). Toyota does not allege that discovery here will implicate any unique types of information that cannot easily be digitized or that on-site inspections will be required in Torrance.

## V. FAMILIARITY OF EACH FORUM WITH THE APPLICABLE LAW

Both sides agree this factor is neutral.

## VI. FEASIBILITY OF CONSOLIDATION OF OTHER CLAIMS

In light of the recent filing of the *Sancho* action, this factor weighs in favor of keeping the case in the Northern District. Although *Sancho* has not been consolidated with *Lax/Taherian*, the case is based on identical factual allegations and there is significant overlap between the causes of action alleged.[7]

---

[7] Arguing that plaintiffs hint that they intend to seek transfer to the Northern District by the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407, defendants cite two JPML orders transferring cases to the Central District where TMS was a defendant. Motion at 11. As plaintiffs point out, those cases had facts not present in this case and transfer was decided under a different statute. *In re Toyota Motor Corp. Unintended Acceleration Mktg. Sales Practices & Prods. Liab. Litig.*, 704 F. Supp. 2d 1379, 1382 (J.P.M.L. 2010) (finding Central District most appropriate choice to take 100 cases because "Toyota maintains its United States corporate headquarters within this district, and relevant documents and witnesses are likely located there. Far more actions are pending there than in any other district. Among the cases pending there are potential tag-along cases that assert personal injury or wrongful death claims."); *In re: Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices, and Prods. Liab. Litig.*, MDL No. 2172 (J.P.M.L. Aug. 17, 2010), Ex. A to Motion ("We are persuaded that the Central District of California is an appropriate transferee forum for this litigation. Defendants maintain their United States corporate headquarters within this district, and relevant documents and witnesses are likely located there. Moreover, this district has unanimous support among the responding parties.").

## VII. LOCAL INTEREST IN THE CONTROVERSY

There is no significant local interest in the controversy *as between* the Central and Northern Districts. That TMS is located in the Central District does not mean that the Central District has a significant or unique interest over the Northern District in resolving the nationwide claims at issue in this case. This factor is neutral. *But see Hunter v. Mozil*, 2008 U.S. Dist. LEXIS 111465, *11, Case No. 08-4213 PJH (N.D. Cal. Dec. 5, 2008) (finding significant local interest where "Texas clearly has an interest in how its property taxes are collected, as well as an interest in the subject property, which lies within its confines, and that this district has virtually no interest in the matter.").

## VIII. THE RELATIVE COURT CONGESTION AND TIME OF TRIAL IN EACH FORUM

Defendants argue that because the time to trial is slightly less in the Central District than in the Northern District and the Northern District is more congested, this factor weighs in favor of transfer. Plaintiffs counter that on a per judgeship basis, the number of filings per Judge and number of pending cases per Judge is higher in the Central District than the Northern District.

The differences identified by the parties are not so significant or stark that they should weigh on transfer at this time. *See, e.g., Ambriz v. Matheson Tri-Gas*, 2014 U.S. Dist. LEXIS 79660, *9, Case No. 14-1041 CW (N.D. Cal. June 9, 2014) ("The difference in court congestion between the two districts is insignificant."); *Worley v. Avanquest N. Am. Inc*., 2013 U.S. Dist. LEXIS 128441, *8 n.2, Case No. 12-04391 WHO (N.D. Cal. Sep. 9, 2013) ("the purported differences in congestion are not stark").

## CONCLUSION

Considering the weight given to plaintiffs' choice of forum, the slight weight given to the convenience of defendants, and the potential consolidation of the *Lax/Taherian* cases with the newly filed *Sancho* Complaint, the Court finds that defendants have not demonstrated that balance

of convenience and interests of justice factors clearly favor transfer.  The Motion to Transfer is DENIED.

**IT IS SO ORDERED**.

Dated: August 14, 2014



WILLIAM H. ORRICK
United States District Judge